IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES N. JOLLY,

    *Plaintiff,*

    v.

NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY, ET AL,

    *Defendants.*

Civil Action No.: ELH-16-00038

## MEMORANDUM

On December 1, 2015, in the Circuit Court for Kent County, plaintiff Charles Jolly filed suit against defendants Nationwide Agribusiness Insurance Company ("Nationwide") and Allied Property and Casualty Insurance Company ("Allied"),[1] alleging that defendants failed to pay a claim pursuant to a farm insurance policy.[2]   ECF 1 ¶ 1, Notice of Removal; *see* ECF 2, Complaint.   The Complaint asserts two claims: bad faith failure to promptly and willingly pay

---

[1] Defendants' submissions refer to "Allied Property and Casualty Insurance Company" (ECF 1 at 1) and "Allied Property & Casualty Insurance Company."  ECF 9 at 1.

[2] The Complaint refers to both Nationwide and Allied "collectively" as "the 'Defendant' or 'Nationwide' . . . ."  ECF 2 at 2.  According to defendants, ECF 9-1 at 2 n.1: "Plaintiff does not indicate which of the Defendants issued an insurance policy to the Plaintiff. The Declaration pages submitted as an Exhibit to the Complaint indicate that the issuing company was Allied Property and Casualty Insurance Company. However, because the Defendants are required to accept the pleadings at this stage, it will be assumed, for purposes of this Motion only, that both Defendants issued the policy at issue."  In this regard, I note that the signature line of the letter to plaintiff concerning the insurance claim at issue here, which is attached to the Complaint, states (ECF 2-2 at 3): "Allied Property and Casualty Insurance Company, a Nationwide company."  In light of the foregoing, I refer to defendants collectively as "Nationwide."

the claim (Court I) and breach of contract (Count II).  ECF 2 ¶¶ 19-26.  On January 7, 2016, Nationwide removed the case pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446.  ECF 1 at 1.

On January 11, 2016, Nationwide filed a Motion to Dismiss (ECF 9), pursuant to Fed. R. Civ. P. 12(b)(6), accompanied by a memorandum of law (ECF 9-1) (collectively, the "Motion"). Jolly filed an Opposition to the Motion (ECF 20), accompanied by a memorandum of law (ECF 20-1) (collectively the "Opposition").  Nationwide has replied (ECF 25, "Reply").

The Motion has been fully briefed, and no hearing is necessary to resolve it.  *See* Local Rule 105.6.  For the reasons that follow, I will grant the Motion in part and deny it in part.

## I.  Factual and Procedural Background[3]

On December 14, 2013, Jolly purchased a one-year farm owner's insurance policy from Nationwide.  ECF 2 ¶ 7.[4]  According to Jolly, he never received a "complete copy" of his insurance policy.  *Id.* ¶ 8.  On January 7, 2014, pipes in a dwelling allegedly covered by the policy burst and caused "extensive damages."  *Id.* ¶ 9.

Plaintiff contacted Nationwide (*id.* ¶ 10), which inspected the dwelling and provided an "initial valuation of damages."  *Id.* ¶ 11.  Plaintiff then hired a contractor to perform repairs.  *Id.* ¶ 12.  The contractor determined that Nationwide's valuation of the damages was "insufficient" and that costs would "increase as repairs progressed."  *Id.*  Plaintiff maintains, *id.* ¶ 14: "Plaintiff was in regular contact with Defendant and/or its agents regarding the damage and repairs being made and that costs were ongoing."  According to Jolly, Nationwide made payments on January 16, 2014, February 7, 2014, and April 2, 2014, totaling $19,952.69, $11,555.01, and $4,873.91,

---

[3] Given the posture of the case, I shall assume the truth of plaintiff's allegations.

[4] Jolly's Opposition states, ECF 20-1 at 1: "To protect his house and property, Mr. Jolly obtained homeowners insurance through Defendants . . . ."  This inconsistency is not material.

respectively.  *Id.* ¶ 13.  Plaintiff submits that these payments were "not final settlements of the

claim . . . ."  *Id.*  Jolly contends that repairs concluded around November 2014.  *Id.*

Jolly maintains that, after repairs were completed, Nationwide "dragged out its claim

period for over an additional year by demanding more documentation of the claim and elaborate

explanation of the need for each repair."  *Id.* ¶ 14.  By letter of September 14, 2015, Nationwide

denied Jolly further compensation for his loss.  ECF 2-2 at 1, Letter from Nationwide to Jolly.  It

said, in relevant part, *id.*:

> Based on our review of the claim activities an initial estimate was written and a
> copy [of] said estimate was provided to Mr. Jolly and the undisputed Actual Cash
> Value payment was released on January 16, 2014[.]  Subsequently Mr. Jolly and
> his contractor reviewed the initial estimate and had some questions as to the scope
> of this estimate. Nationwide sent a representative back to the loss location to meet
> with Mr. Jolly and his contractor. Subsequent to that meeting revisions were made
> to the original estimate and a copy of the revised estimate was issued to Mr. Jolly
> and another undisputed Actual Cash Value payment was released.
>
> Nationwide was not made of aware [sic] of any additional difference in scope or
> pricing related to coverage damages related to this claim until Mr. Jolly presented
> a supplemental demand fro [sic] additional damages on or about November 25,
> 2014 subsequent to the completion and renovation of the loss location[.]
>
> Based on our review of the Farm Property Coverage Form- FP70010 0701 and the
> opening statement in the estimate provided by Nationwide we will be unable to
> increase the scope of loss or increase our settlement related to the above captioned
> claim because Nationwide was not made aware of the additional claimed damage
> and not provided access to re-inspected [sic] the claimed additional damage.

Thereafter, Jolly filed suit.  He appended to his Complaint Nationwide's letter of

September 14, 2015 (ECF 2-2), which includes the claim number for his claim (*id.* at 1), and

quotes "policy language found in the Form Property Coverage Form . . . ."  *Id.* at 2.  Jolly also

submitted a copy of "Your Farmowners Insurance Portfolio" (the "Portfolio").  ECF 2-1.  In

particular, the Portfolio provides Jolly's policy and billing account numbers (*id.* at 1), as well as

the address of the insured property.  *Id.* at 7.  It also includes farm property schedules (*id.* at 8-11), which identify the insured property, including a "dwelling," a "pole building," a "John Deere," and "household personal property."  *Id.* at 8.  In addition, the Portfolio includes a "Farm Endorsements Schedule," which provides further information about coverage endorsements and exclusions.  *Id.* at 13.

## II. Failure to State a Claim

### A.  Contentions

Nationwide argues that both counts should be dismissed.  With regard to Count I, Nationwide submits, ECF 9-1 at 2-3: "Maryland law does not recognize a common law bad faith claim in the first-party context and Maryland's lack of good faith statute requires an exhaustion of administrative remedies (which has not occurred here). Thus, Count I should be dismissed, in its entirety, with prejudice."  With regard to Count II, Nationwide contends that the Complaint is "so woefully lacking in detail that it violates Maryland's substantive pleading requirements" and "should dismissed with leave to re-plead properly."  *Id.* at 3.  In particular, Nationwide submits that to bring a claim for breach of contract under Maryland law, plaintiff must "allege the actual provision of the policy that Defendants purportedly breached."  *Id.* at 10.

Jolly does not oppose the Motion as to Count I.  ECF 20 ¶ 1.  As to Count II, however, Jolly contends that he did "properly plead a cause of action for breach of contract . . . ."  *Id.* ¶ 2.  He avers, ECF 20-1 at 5: "Maryland case law is unanimous in holding that pleading a cause of action for breach of contract only requires a plaintiff to plead facts showing that the defendant owed a contractual obligation to the plaintiff, and that the defendant breached that obligation."  Plaintiff submits, *id.* at 6:

Plaintiff has alleged the facts sufficient to show that (1) Mr. Jolly and Defendants entered into a contract of insurance, (2) Defendants had an obligation under the contract to pay for any damage suffered by covered property, and (3) Defendants breached that obligation by refusing to pay. This is all that is required to state a cause of action for breach of contract and to survive a motion to dismiss.[]

Accordingly, the sole question before the Court is whether the Complaint should be dismissed for failure to allege the specific provisions of the insurance contract that Nationwide supposedly breached.

## B.  Standard of Review

As indicated, Nationwide has moved to dismiss under Fed. R. Civ. P. 12(b)(6).  ECF 9-1 at 5-6.

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all

civil actions' . . . ." (citation omitted)); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011).  But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  A complaint is insufficient if it provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient.  *Twombly*, 550 U.S. at 555.

To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). Put another way, in reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, ____ U.S. ____, 132 S. Ct. 402 (2011); *Monroe v. City of Charlottesville,* 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, 559 U.S. 992 (2010)  But, a court is not required to accept legal conclusions drawn

from the facts.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).  "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, ____ U.S. ____, 132 S. Ct. 1960 (2012).

A motion asserting failure to state a claim typically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards*, 178 F.3d at 243 (quotation marks omitted); *see Houck*, 791 F. 3d at 484; *Tobey v. James*, 706 F.3d 379, 387 (4th Cir. 2013). But, "if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint,'" or in other material that is the proper subject of consideration under Rule 12(b)(6), such a defense can be resolved on the basis of the facts alleged in the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis in *Goodman*); *see Houck*, 791 F.3d at 484.

Ordinarily, in resolving a motion under Rule 12(b)(6), a court "is not to consider matters outside the pleadings . . . ." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007); *see Clatterbuck,* 708 F.3d at 557. Under certain limited exceptions, however, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb*, 791 F.3d at 508.

Of relevance here, a court may properly consider documents incorporated into the complaint or attached to the motion to dismiss, "'so long as they are integral to the complaint and

authentic.'" *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).   To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).   On this basis, I have considered the exhibits that plaintiff appended to his Complaint.

## C.  Discussion[5]

"To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.,* 365 Md. 166, 175, 776 A.2d 645, 651 (2001); *see RRC Northeast, LLC v. BAA Maryland, Inc.,* 413 Md. 638, 658, 994 A.2d 430, 442 (2010).   In other words, "[i]t is the parties' agreement that ultimately determines whether there has been a breach." *Mathis v. Hargrove,* 166 Md. App. 286, 318-19, 888 A.2d 377, 396 (2005).   In *Polek v. J.P. Morgan Chase Bank, N.A.,* 424 Md. 333, 362, 36 A.3d 399, 416 (2012), the Maryland Court of Appeals said: "Maryland law requires that a plaintiff alleging a breach of contract 'must of necessity allege with certainty and definiteness *facts* showing a contractual obligation owed by

---

[5] Because the parties assume that Maryland law applies, I will apply Maryland law.  As to contract claims, Maryland applies the law of the State in which the contract was formed (*"lex loci contractus"*), unless the parties to the contract agreed to be bound by the law of another state. *See, e.g., Am. Motorists Ins. Co. v. ARTRA Group, Inc.,* 338 Md. 560, 573, 659 A.2d 1295, 1301 (1995).

the defendant to the plaintiff and a breach of that obligation by defendant.'" (Citation omitted); *see also Robinson v. GEO Licensing Co., L.L.C.,* 173 F. Supp. 2d 419, 423 (D. Md. 2001).

Nationwide maintains that to bring a claim for breach of contract under Maryland law, plaintiff must "allege the actual provision of the policy that Defendants purportedly breached." ECF 9-1 at 10.  It relies on *RRC Northeast, LLC, supra*, 413 Md. 638, 994 A.2d 430.  In that case, the Court of Appeals said, in relevant part, *id.* at 655:

> It is well-established in Maryland that a complaint alleging a breach of contract "must of necessity allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant." *Continental Masonry Co., Inc. v. Verdel Constr. Co., Inc.,* 279 Md. 476, 480, 369 A.2d 566, 569 (1977) (emphasis in original). In addition, we have observed that " 'the necessary allegations of fact sufficient to state a cause of action ... in a simple factual situation vary from those in more complex factual situations and a form of declaration useful in the former situation may not be sufficient as a guide in preparing a declaration in the more complex case.' " *Id.* (quoting *Read Drug v. Colwill Constr.,* 250 Md. 406, 413, 243 A.2d 548, 553 (1968)). Finally, in considering the sufficiency of a complaint alleging breach of contract, "any ambiguity or uncertainty in the allegations is to be construed against the pleader." *Id.*; *Carder v. Steiner*, 225 Md. 271, 276, 170 A.2d 220, 222 (1961).

Nationwide thus maintains, ECF 9-1 at 9-10: "To the extent that the Court of Appeals has specifically held that 'in Maryland . . . a complaint alleging breach of contract *'must of necessity allege with certainty and definiteness facts showing a contractual obligation owed* by the defendant to the plaintiff . . . '['] (*RRC Northeast, LLC,* 413 Md. at 655) (emphasis added), Plaintiff is required to allege the actual provision of the policy that Defendants purportedly breached."

I agree with Jolly that, under Maryland law, "there is no mandatory requirement that a plaintiff plead the specific contract provision."  ECF 20-1 at 4.  As Jolly notes (*id.* at 5), *RRC*

*Northeast, LLC*, 413 Md. 638, 994 A.2d 430, does not require a plaintiff to cite a specific contractual provision to survive a motion to dismiss.  To the contrary, the Court of Appeals said: "[I]n order to state a claim for breach of contract, a plaintiff need only allege the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the defendant."  *Id.* at 658, 994 A.2d at 442 (citing *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175, 776 A.2d 645, 651 (2001)).

Moreover, as plaintiff argues (ECF 20-1 at 4-5), courts in this District have not required plaintiffs to cite precise contractual provisions to sustain a claim for breach of contract under Maryland law.  *See, e.g., Hastings v. Ocwen Loan Servicing, LLC*, GLR-14-2244, 2015 WL 433712, at *5 (D. Md. Feb. 2, 2015) (denying a motion to dismiss where plaintiff did not "specify which clauses of the Settlement Agreement were violated or when the breaches occurred"); *Arashteh v. Mount Vernon Fire Ins. Co.*, WDQ-13-2833, 2014 WL 3974172, at *4 (D. Md. Aug. 12, 2014) ("Whether the damage is covered by the terms of the Policy or whether the Defendant failed to fulfill an obligation to provide coverage under the Policy is yet to be determined.  However, the Plaintiffs' allegations as to the contract's coverage and its breach are sufficient to state a claim."); *Day v. DB Capital Grp., LLC*, DKC 10-1658, 2011 WL 887554, at *15 (D. Md. Mar. 11, 2011) ("Here Plaintiff has pleaded the existence of a contract between himself and Russell Pettiford and that Mr. Pettiford breached the contract by failing to transfer back ownership of the D.C. property after one year. . . . These allegations are sufficient to maintain the breach of contract claim.").

Judge Hazel's recent opinion in *Dern v. Liberty Mut. Ins. Co.*, GJH-15-1737, 2015 WL 8665329 (D. Md. Dec. 11, 2015), on which Nationwide also relies (ECF 25 at 2-3), is not to the contrary.  In relevant part, Judge Hazel said, *id.* at *4:

> In the second count of the Complain[t], Plaintiff[] seeks to recover for breach of contract. ECF No. 2 at ¶¶ 14-15(2). Defendant seeks dismissal of this claim on the ground that the Complaint is so vague that it fails to properly state a claim. ECF No. 9-1 at 4-5. The Court agrees. In the Complain[t,] Plaintiff only alleges that she has paid the required monthly premiums and that Defendant has "refused to adequately compensate [her] ... for the damage [the fire] caused to Plaintiff's vehicle." ECF No. 2 at ¶ 12(2). Plaintiff further alleges that, because no work has begun toward rebuilding the house, she has been unable to move back into her home.*Id.* at ¶ 13. These allegations are insufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.
>
> In Maryland, a Complaint alleging a breach of contract "must of necessity allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant." *RRC Ne., LLC v. BAA Md, Inc.*, 994 A.2d 430, 440 (Md. 2010) (quoting *Continental Masonry Co., Inc. v. Verdel Constr. Co., Inc.*, 369 A.2d 566, 569 (Md. 1977)) (emphasis in original). Plaintiff has failed to allege what contractual duty was breached. Notably, the Complaint does not indicate what provision of the insurance agreement has been implicated, how Defendant's conduct breached any such provision, or what damage occurred to her vehicle for which Plaintiff was purportedly undercompensated. See ECF No. 2 at ¶ 12(2). Count two of the Complaint is so vague that Defendant cannot reasonably prepare a response, and, accordingly, the claim must be dismissed.

Notably, *Dern*, 2015 WL 8665329, does not establish a requirement that a complaint cite the specific provisions of an insurance contract to survive a motion to dismiss.  Rather, the plaintiff's failure to do so was one of several reasons why the Court granted the motion to dismiss.  *See id.* at *4.  In this regard, I note that the four-page complaint at issue in *Dern*, 2015 WL 8665329, was not accompanied by exhibits, and provided a paucity of information about the insurance contract.  *See* GJH-15-1737, ECF 2.  It alleged simply that "Plaintiff had/has a contract

with the Defendant in which she paid/pays a monthly premium to the Defendant in exchange for homeowner's insurance coverage on her residence" (*id.* ¶ 4) and that the policy "purported to pay the necessary amount of money to the Plaintiff in order to address the situation in the event that the home was damaged or destroyed by fire." *Id.* ¶ 15.

In my view, the allegations concerning the insurance contract in this case are far more specific than were the allegations in *Dern*, 2015 WL 8665329, and are more than adequate to survive a motion to dismiss. Jolly submitted with his Complaint a copy of the Portfolio, which provides, *inter alia*, the policy and billing account numbers (ECF 2-1 at 1) as well as the address of the insured property. *Id.* at 7. The farm property schedules in the Portfolio identify the insured property (*id.* at 8-11) and the "Farm Endorsements Schedule" provides further information about coverage endorsements and exclusions. *Id.* at 13. Moreover, Nationwide's letter of September 14, 2015 (ECF 2-2) provides the claim number for Jolly's claim (*id.* at 1) and quotes "policy language found in the Farm Property Coverage Form . . . ." *Id.* at 2.

In short, plaintiff's submissions are sufficient to put Nationwide on notice as to the basis of the claim in Jolly's Complaint. The Motion is without merit.

### III. Conclusion

In light of the foregoing, the Motion to Dismiss (ECF 9) will be granted in part and denied in part. In particular, I will grant the Motion to Dismiss Count I of the Complaint, because it is unopposed; as to Count II, I will deny the Motion to Dismiss because plaintiff has adequately alleged a claim for breach of contract.

An Order follows.


Date: April 6, 2016                    _____/s/_____
                                       Ellen Lipton Hollander
                                       United States District Judge